IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLINGTON J. SMITH, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-92-RAH-CWB |
| | ) |
| CITY & COUNTY OF SAN | ) |
| FRANCISCO CHILD SUPPORT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* Amended Complaint (Doc. 7) filed by Wellington J. Smith, Sr. ("Smith"). On May 12, 2023, the undersigned Magistrate Judge issued a recommendation that the Amended Complaint be dismissed without prejudice (Doc. 9). Upon further review, it is hereby **ORDERED** that the Recommendation of the Magistrate Judge (Doc 9) is **WITHDRAWN**. However, for the reasons set forth below, the Magistrate Judge continues to recommend that the Amended Complaint (Doc. 7) be dismissed.

**I.     Introduction**

Smith filed this action on February 10, 2023 (Doc. 1) and sought permission to proceed *in forma pauperis* (Doc. 2). By Order dated March 9, 2023 (Doc. 5), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that "the Complaint contains the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' and 'naked assertion[s] devoid of further factual enhancement' that have been deemed insufficient by the United States Supreme Court to state a plausible claim," the undersigned issued an Order on April 7, 2023 directing Smith to file an Amended Complaint. (Doc. 6 at p. 5).

1

In affording an opportunity to replead, the undersigned informed Smith that "[t]o comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a recognized legal claim and sufficient factual allegations to support that claim." (Doc. 6 at p. 5). In its concluding section, the April 7, 2023 Order thus directed Smith to file an Amended Complaint meeting the following specific requirements:

a. the Amended Complaint must include a short and plain statement of Plaintiff's claim(s) and identify the federal or state cause(s) of action under which Plaintiff brings his claim(s);

b. the Amended Complaint must contain specific factual allegations about each defendant's conduct (*i.e.*, what actions each defendant took that constitute the claims(s) being alleged by Plaintiffs), clearly indicating which specific factual allegations provide support for which claim(s) against which defendant(s), and noting the relevant dates of all such actions;

c. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

d. the Amended Complaint must contain a demand for relief;

e. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief; and

f. The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.

(*Id*. at pp. 5-6) (footnote omitted). Although Smith did file a more detailed Amended Complaint (Doc. 7), the undersigned finds that dismissal prior to service of process remains appropriate.

## II.     Legal Standard

Because Smith's request to proceed *in forma pauperis* was granted, the court is authorized to engage in a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines

that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted;[1] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 requirement to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

**III.    Discussion**

As best as can be discerned, it appears that Smith had an outstanding child support obligation in the State of California at the time he moved to Alabama in approximately 2020. Smith contends that he provided California officials with his Alabama address and continued to

---

[1] Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

make child support payments until August 2021 when he was informed that his balance was $0. In May 2022, however, Smith was notified that $236.00 from his federal tax refund had been applied toward an allegedly delinquent California child support obligation. According to Smith, he was told upon investigation that his child support case had been reopened under a different address in September 2021 and that a new child support obligation began to accrue. Smith has named as defendants the City & County of San Francisco Child Support, along with numerous individuals who appear to be associated with that agency.

### A. *Rooker-Feldman*

To the extent the Amended Complaint can be construed as seeking to challenge the child support judgment entered in California state court, it fails for lack of subject matter jurisdiction. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings."); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Despite the confusion that sometimes surrounds application of the *Rooker-Feldman* doctrine, the Eleventh Circuit has described the doctrine in simple terms:

> Its application is narrow and—surprisingly enough—quite simple. It bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517; *see also Nicholson*, 558 F.3d at 1274.

*Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). The Eleventh Circuit has even applied *Rooker-Feldman* under circumstances similar to those now at issue, *i.e.*, where a plaintiff who suffered an adverse ruling on child support obligations attempted to challenge the state court judgment:

4

> [Plaintiff] Redford's complaint was an explicit attempt to use the federal courts to overturn the Georgia state courts' decisions regarding his divorce, child custody arrangement, and child support obligations, and to attack the legality of his incarceration for refusing to pay child support. He challenges, among other things, the state courts' application of state law. It is undisputed that Redford was a party in all of the state actions and that those state actions resulted in final judgments. In addition, he does not allege any facts that would support a finding that he was unable to raise in those suits the alleged constitutional abuses or state law claims that he raised in the instant suit. The state courts ruled in a way that Redford found unfavorable and he now asks the federal court for relief that would, in essence, overturn those state court decisions. Such collateral review of state court decisions is barred by the *Rooker-Feldman* doctrine and the court did not err concluding that the doctrine precluded federal jurisdiction in this case.

*Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 345 (11th Cir. 2009). Any effort by Smith to do likewise here would be precisely the type of action barred by *Rooker-Feldman*. *See Behr*, 8 F.4th at 1212 ("*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began.").

### B.     Plaintiff's Claims

Alternatively, and to the extent *Rooker-Feldman* might be deemed not to apply, the undersigned will consider each of the counts as presented.

#### 1.   Count I

Count I of the Amended Complaint is styled "Penal Code § 115 PC Against Defendants" and in its entirety contains the following allegations:

> I never received a notice of a Child Support case being reopened. I never authorized anyone from the S.F. Department of Child Support to change my address (penal code §115PC- Filing a False Document). Reference the allegations in paragraphs [sic] 22.

(Doc. 7 at ¶ 30). Count I appears to be premised upon the allegation that one or more of the defendants changed Smith's address for child support notification purposes without his authorization or consent. However, California Penal Code § 115 is a criminal provision and does not give rise to a private right of action upon which relief can be granted.

5

### 2. Count II

Count II of the Amended Complaint is styled "Penal Code 530.5(e) Against Defendants" and in its entirety contains the following allegations:

> On 11/01/2022, at 12:59 p.m. CST, I received an email from Carolyn Beckett trying to cover up my address being illegally changed (rerouting my mail without my authorization) conspiring with Lisa Saporito, Karen Roye, and Sheryl Myers who already knew my correct address from the previous court hearing.
>
> Reference the allegations in paragraphs 29.

(Doc. 7 at ¶ 31). Again, Smith is improperly attempting to rely upon a California criminal statute to purportedly assert a civil claim.

### 3. Count III

Count III of the Amended Complaint is styled "42 U.S.C.§ 1983 Against Defendants" and is based upon a purported violation of the Fourth Amendment. In its entirety, Count III provides as follows:

> The Defendants Violated Fourth Amendment rights, from unreasonable search and seizure of $236 of my tax refund. I was not notified or informed about having an open child support case. Reference the allegations in paragraphs 14 and 27.

(Doc. 7 at ¶ 32). Such brief and conclusory allegations fire a "shotgun pleading" blast collectively at "Defendants" without providing any indication as to which defendants are alleged to have engaged in which conduct. As such, Smith has committed the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, <u>or which of the defendants the claim is brought against</u>." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (emphasis added).

### 4. Count IV

Count IV of the Amended Complaint is styled "42 U.S.C.§ 242 Against Defendants" and purports to be based upon 18 U.S.C. § 242, which provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(Doc. 7 at p. 9). In the prior Order entered April 7, 2023, Smith was specifically informed that 18 U.S.C. § 242 "is a federal criminal statute that does not provide a civil cause of action or allow for any civil remedies." (Doc. 6 at p. 4) (citing *Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008)).

   5. **Count V**

Count V of the Amended Complaint is styled "18 U.S.C. § 1341 Against Defendants" and in its entirety contains the following allegations:

> Upon information and belief, Sheryl Myers who was uncooperative on this issue, knew the calculations were off, too, of what S.F. Department of Child Support said I owed. Reference the allegations in paragraph 21.

(Doc. 7 at ¶ 34). The cited statutory provision, however, is a criminal mail fraud statute that does not provide for civil remedies, *Austin v. Global Connection,* 303 F. App'x. 750, 753 (11th Cir. 2008) ("The federal wire and mail fraud statutes are criminal statutes which do not provide for civil remedies."), and Smith was so informed in the court's April 7, 2023 Order. (Doc. 6 at p. 4).

7

6. **Count VI**

Count VI of the Amended Complaint is styled "8 U.S.C. § 1324C Against Defendants" and in its entirety contains the following allegations:

> Carolyn Beckett trying [sic] to cover up my address being illegally changed ((8U.S.C.§1324c(a)(1)(2))) conspiring with Lisa Saporito, Karen Roye, and Sheryl Myers who already knew my correct address.

(Doc. 7 at p. 10). As stated in the court's April 7, 2023 Order, 8 U.S.C. § 1324C "enumerates penalties for document fraud in the context of immigration proceedings, which has no readily identifiable connection to the allegations in the Complaint." (Doc. 6 at p. 4). The statute also is criminal in nature and does not provide a private right of action for a civil claim. *United States v. Richard Dattner Architec*ts, 972 F.Supp. 738, 744 (S.D.N.Y. 1997) ("Further, the section that seems to prohibit submission of a false certification application—8 U.S.C. § 1324c—provides only for governmental investigation and enforcement, and provides no evidence that Congress intended a private right of action in favor of domestic workers.").

7. **Count VII**

Count VII of the Amended Complaint is styled "18 U.S.C. §1708 Against Defendants" and in its entirety contains the following allegations:

> By reference the allegations in paragraph 27-29.

(Doc. 7 at p. 10). The referenced paragraphs contain allegations about Smith's address being improperly changed. (Doc. 7 at ¶¶ 27-29). Again, however, 18 U.S.C.§ 1708 is a criminal statute that does not give rise to a private cause of action. *See, e.g., Dennis v. U.S. Postal Serv.*, 564 F. App'x 85, 86 n.2 (5th Cir. 2014) ("In the opposition to the motion to dismiss, Dennis alleges that McDonald acted contrary to 18 U.S.C. §§ 1701 and 1708. These, however, are criminal statutes that do not create a private right of action.").

### 8. Count VIII

Count VIII of the Amended Complaint is styled "49 C.F.R. §1570.5 Against Defendants" and in its entirety contains the following allegations:

> At my telephonic Child Support court hearing on 08/17/2020 with the City & County of San Francisco Child Support. Upon information and belief, Lisa Saporito (S.F. Child Support Managing Attorney), was present at the hearing. I provided the court with my updated address also at the hearing, in which I received my Child Support order at the address I provided. 27. On 11/01/2022, at 12:59 p.m. CST, I received an email from Carol Beckett trying to cover up my address being illegally changed (rerouting my mail without my authorization) conspiring with Lisa Saporito, Karen Roye, and Sheryl Myers who already knew my correct address from the previous court hearing. Reference the allegation in paragraph 14,27.

(Doc. 7 at pp. 10-11). The court's April 7, 2023 Order specifically informed Smith that "this section proscribes fraud and intentional falsification of records in the context of Maritime and Surface Transportation Security, which has no apparent connection to the facts alleged in the Complaint" (Doc. 6 at p. 4), and nothing in the Amended Complaint reveals any such connection.

### 9. Eleventh Amendment Immunity

The Amended Complaint names what has been identified as a state governmental entity, as well as individuals who appear to have been named in their official capacities for such entity. Accordingly, even had the Amended Complaint otherwise stated a claim, any such claim would be barred by Eleventh Amendment immunity. *See Selensky v. Alabama*, 619 F. App'x 846, 848-49 (11th Cir. 2015); *see also Papasan v. Allain*, 478 U.S. 265 (1986).

### IV.   Conclusion

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by September 22, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 8th day of September 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE